UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AMANDA LOUISE GAUSNELL,<br><br>Defendant. | Case No. 2:22-cr-00024-DCN-DKG<br><br>**REPORT AND RECOMMENDATION** |

On July 18, 2023, Defendant AMANDA LOUISE GAUSNELL appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to have the presiding United States District Judge take her change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 1), the maximum penalties applicable, her Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that she entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-

REPORT AND RECOMMENDATION - 1

sentence investigation to be conducted and a report prepared by the United States Probation Office.

Because the offense to which Defendant entered her guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, the Government filed a motion for detention. (Dkt. 5.) On March 3, 2022, the Court entered an Order Setting Conditions of Release. (Dkt. 22.) On January 20, 2023, the Pretrial Services Officer notified the Court that Defendant was not in compliance with the conditions of pretrial release due to drug use, but recommended continued release with which the Court agreed. (Dkt. 39.) On May 2, 2023, a Petition on Pretrial Release was filed alleging Defendant continued to be non-compliant with her conditions due to drug use. (Dkt. 42.) On June 15, 2023, a revocation hearing was held and Defendant was allowed to remain on release under the same terms and conditions based on having completed inpatient substance abuse treatment. (Dkt. 52.)

Pretrial Services reports that since her last court appearance, Defendant has continued to submit to drug testing, participated in substance abuse counseling, and has changed residences to a more supportive and stable living environment. (Dkt. 54.) The Government has represented that it does not have any information or reason to believe

Defendant is at an enhanced risk of flight or danger to the community at this time.

Defendant's is a single mother and sole provider for her daughter due to her spouse recently being killed in a vehicle accident. Defendant is in the midst of settling her late husband's estate. Defendant graduated from inpatient treatment on June 15, 2023, and is attending outpatient treatment for substance abuse and actively treating her mental health conditions. Defendant has a minimal criminal history, is employed, and has a stable residence.

Upon consideration of the totality of the circumstances presented in this case, including the stringent conditions of release and the disruption of Defendant's substance abuse and mental health treatment that would occur with detention pending imposition of sentencing, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant AMANDA LOUISE GAUSNELL's plea of guilty to Count Three of the Indictment (Dkt. 1).

2) The District Court order forfeiture consistent with Defendant AMANDA LOUISE GAUSNELL's admission to the Criminal Forfeiture allegation in the Indictment

(Dkt. 1) and the Plea Agreement.

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Counts One, Two, Four, Five, Six, and Seven of the Indictment (Dkt. 1) as to Defendant AMANDA LOUISE GAUSNELL.

4) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release. (Dkt. 22.)

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: July 18, 2023

DEBORA K. GRASHAM
U.S. MAGISTRATE JUDGE