UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>v.<br><br>AMANDA LOUISE GAUSNELL,<br><br>                 Defendant. | Case No. 2:22-cr-00024-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.   INTRODUCTION

This matter is before the Court pending completion of sentencing. On April 16, 2024, the Court began the sentencing hearing for Defendant Amanda Louise Gausnell. While addressing objections and after hearing argument, the Court ruled that the two-level enhancement for the use of a firearm applies to Gausnell. Based upon that ruling, the Court overruled Gausnell's objection to the use of the firearm enhancement. The parties then addressed whether Gausnell could receive the benefit of the safety valve even though the Court had found the firearm enhancement to apply. After argument, the Court stopped the sentencing hearing and asked the parties to brief the issue. The parties have now submitted their supplemental briefs. The Court finds that further oral argument on the issue of the firearm enhancement and the safety valve is not necessary.

This memorandum supplements and explains the Court's ruling with respect to the firearm enhancement. This memorandum is also the Court's decision on the issue of safety-

valve relief.

The Court finds that, under the unique facts of this case, the Defendant may receive the benefit of safety-valve relief, even though she is also subject to firearm enhancement. Accordingly, further argument on the application of either the firearm enhancement or the safety-valve relief at the continued sentencing hearing will be unnecessary.

## II. BACKGROUND

Defendant participated in several controlled purchases of methamphetamine, distributing 778.60 grams of actual methamphetamine over six transactions. Her husband was also involved in the drug distribution activities and was present at some of the controlled purchases. At one of the controlled purchases, in their home, Defendant's husband had a firearm in plain view and with the purchaser present. Also, during a search of Defendant's residence police located multiple firearms in a detached garage.

The Government indicted Defendant on seven counts: five counts of distribution of a controlled substance, one count of possession with intent to distribute methamphetamine, and one count of conspiracy to distribute methamphetamine. Dkt. 1. Defendant plead guilty to one count of distribution of a controlled substance. All other counts were dismissed pursuant to the Plea Agreement. Dkt. 55.

At sentencing, the Court ruled that the firearms in the garage were not related to the sale of a controlled substance but that the firearm the husband held during the controlled buy was possessed in connection with the crime.

## III.    ANALYSIS

The burden and quantum of proof are different as between Guideline § 2D1.1(b)(1)

MEMORANDUM DECISION AND ORDER - 2

for the firearm enhancement and Guideline § 5C1.2(a)(2) for safety-valve relief. *United States v. Nelson*, 222 F.3d 545, 550-51 (9th Cir. 2000). Section 2D1.1(b)(1) (the "firearm enhancement") applies "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." *Id.* at 550 (cleaned up). Section 5C1.2 (the "safety-valve") applies if the Defendant shows that she did not possess a firearm in connection with the drug crime. *Id.* at 551 (cleaned up). The burden of proof for the firearm enhancement is on the Government to show by a preponderance of the evidence that a weapon was present and connected with the offense. *Id.* (cleaned up). If the Government makes this initial showing, the burden shifts to the Defendant to show that it is clearly improbable that the weapon was connected to the crime.

The burden of proof for the safety-valve is on the Defendant to show by a preponderance of the evidence that she did not possess a firearm in connection with the offense. *Id.* (cleaned up).

In *United States v. Alaniz*, 69 F.4th 1124 (9th Cir. 2023), the Ninth Circuit further explained the different burdens of proof for the two guidelines. It stated:

> Despite their seeming facial overlap, § 2D1.1(b)(1) and § 2D1.1(b)(18) require distinct inquires. *See Nelson*, 222 F.3d at 549–51. Under § 2D1.1(b)(1), the government simply bears the burden of proving that the weapon was possessed at the time of the offense. *See id.* at 551 n.3. The enhancement then applies unless the defendant can show it was "clearly improbable" that the weapon was possessed in connection with the offense. *See id.*; U.S.S.G. § 2D1.1(b)(1) cmt. n.11(A). But to invoke the "safety valve" in § 2D1.1(b)(18), the defendant has a lower burden, and must only show by a preponderance that a dangerous weapon was not used in connection with the crime. *See Nelson*, 222 F.3d at 550.

MEMORANDUM DECISION AND ORDER - 3

*Id.* at 1126–27.[1] There, the Ninth Circuit affirmed the District Court's decision to apply both the two-level firearm enhancement and the two-level safety-valve reduction, which effectively cancelled out the two provisions.

### A. Firearm Enhancement

At the initial sentencing hearing this Court ruled that the firearm enhancement applied to the Defendant. The enhancement does not require the Defendant to physically possess the firearm.[2] The Government needs only to prove that a firearm was present during a drug transaction.

Here, the evidence shows that a firearm was present in the house near the drugs while a drug transaction occurred. During a later search of the premises, other firearms were found in the detached garage. There is no evidence that the firearms in the garage were known to the buyer, that they were referenced by the Defendant or her husband, or that they were in any way connected to any drug transaction. Defendant met her burden to show that it is clearly improbable that the "garage firearms" were connected to the offense.[3] However, the firearm in the house was present when the drug transaction occurred. The buyer saw it. The Defendant knew her husband had it. Defendant has not met her burden

---

[1] Section 5C1.2 is the safety-valve under the Guidelines. However, § 2D1.1(b)(18) is the section that gives the two-level decrease if the safety-valve applies.

[2] In fact, § 1B1.3(a)(1)(B) requires the Court "in the case of a jointly undertaken criminal activity ( . . . undertaken by the defendant in concert with others, whether or not charged as a conspiracy), [to consider] all acts and omissions of others" in determining whether the Defendant can be responsible for the firearm in connection with the offense.

[3] The government points out there are other occasions that point to the garage firearms, such as when the CI asked about acquiring a firearm from Defendant and she told him to talk to her husband, and when Defendant after arrest said there would be both drugs and guns in her house. The Court finds that these references do not adequately connect the garage firearms to the offense.

with respect to that firearm, so the firearm enhancement applies.

Defendant and her husband jointly undertook the criminal activity of selling methamphetamine while a firearm was in front of the buyer and the Defendant. Defendant's argument that her husband just happened to be holding the gun when the buy occurred does not make it clearly improbable that the firearm was not connected to the criminal activity. "Trafficking in narcotics is very often related to the carrying and use of firearms." *United States v. Ramos*, 861 F.2d 228, 231 n.3 (9th Cir. 1988). The Court stands by its decision to apply the firearm enhancement. The objection to the use of the firearm enhancement in the Presentence Investigation Report is denied.

### B. Safety Valve Relief

A district court's determination of whether a defendant qualifies for safety-valve relief is a factual determination reviewed for clear error. *United States v. Ajugwo*, 82 F.3d 925, 929 (9th Cir. 1996). Here, the law makes clear that a defendant is not automatically ineligible for safety-valve relief simply because she received a firearm enhancement, and a district Court errs if that is the sole basis for the denial of the safety valve. *See, i.e., United States v. Medbery,* 835 F. App'x 927, 928 (9th Cir. 2021).

Defendant places great reliance on one word in § 5C1.2(a)(2), which states, "the *defendant* did not use violence or credible threats or violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense[.]" Specifically, Defendant focuses on the singular use of the word defendant and says that means that unless she personally possessed the firearm, she gets the safety-valve. The Defendant did not possess the firearm, her husband did. The firearm was present and

connected to the offense, but it was not possessed by Defendant. According to Defendant, if the Sentencing Commission had wanted her to be responsible for firearms possessed by another defendant or person, the Commission would have said "the *defendants* did not . . . ."

The Government argues that Defendant does not get the benefit of the statutory safety-valve under 18 U.S.C. § 3553(f) or the guideline safety-valve under § 5C1.2(a)(2). Defendant argues that she gets both benefits. However, 18 U.S.C. § 3553(f) does not address a two-level downward adjustment. Instead, the statutory safety-valve applies only to the removal of any mandatory minimum sentence. There is no such mandatory minimum here. So, we are dealing only with the guideline safety-valve in § 5C1.2 and § 2D1.1(b)(18), which gives a defendant a two-level downward adjustment to the offense level if the requisite requirements are met.

As to the guideline safety valve, the Government argues that it does not apply if a firearm was possessed in connection with the offense. According to the Government, "offense" means "the offense of conviction *and* all relevant conduct." § 5C1.2, comment. (n.1(C)) (emphasis added). The Government argues that the husband's possession of a firearm is relevant conduct. To put it another way, the Government argues that the term "defendant" in the guideline safety valve expands Gausnell's accountability to her own conduct "***and*** to conduct that [s]he aided or abetted, counseled, commanded, induced, procured, or willfully caused, consistent with U.S.S.G. § 1B1.3," and USSG § 5C1.2, comment. (n.2). Dkt. 80, at 3 (emphasis in original).

As discussed above, the Court has already found that Defendant did not possess the

garage firearms in connection with this offense. She may have known they were in the house or garage, but the buyer did not. The only firearm pertinent here is the one held by her Husband when the drug transaction occurred.

The Government cites to several cases that it argues support a finding in this case that the guns were possessed in connection with the offense. Dkt. 80, at 7–8. However, those cases do not apply here because they involve either a situation where the Defendant being sentenced owned the guns in question (*United States v. Ferryman*, 444 F.3d 1183 (9th Cir. 2006);  or undisputedly possessed them, making the connection of the guns to the convicted offense the only issue (*United States v. Head*, 86 F. App'x 286 (9th Cir. 2004); *United States v. Tanaka*, 40 F. App'x 515 (9th Cir. 2002); *United States v. Thaxton*, 2024 WL 1331833 (D. Haw. Mar. 28, 2024)). The issue here—whether Gausnell herself possessed the firearm in connection with the offense—is more nuanced.

Gausnell also cites several cases that she argues support the application of the guideline safety-valve's two-level downward adjustment to her. *See* Dkt. 79, at 4, ns.5–6. However, those cases do not apply here because they rely on the Congressional intent to not apply a mandatory minimum to first-time, non-violent drug offenders.[4] There is no mandatory minimum sentence involved in this case, so the Congressional intent relied upon in those cases is irrelevant.

The Ninth Circuit has repeatedly held that it is error for a district court to conclude that a defendant was ineligible for safety valve relief just because he or she had received a

---

[4] *See United States v. Arrignton*, 73 F.3d 144 (9th Cir. 1996); *United States v. Hargrove*, 911 F.3d 1306 (10th Cir. 2019); *United States v. Barron*, 940 F.3d 903 (6th Cir. 2019).

firearm enhancement.[5] Other Circuits agree. They have consistently held that a Defendant can get both the firearm enhancement and the safety valve relief under the appropriate facts.[6] Additionally, there are district courts within the Ninth Circuit that have applied both the firearm enhancement and the safety valve relief to the same defendant.

One such case is addressed in *Alaniz*, 69 F.4th 1124 (9th Cir. 2023). *Alaniz* is a case out of the District of Idaho. During a search of Alaniz's residence, police found cocaine and twelve firearms, at least two of which were in the same room as the drugs. *Id.* at 1126. Alaniz pleaded guilty to three counts of cocaine distribution and one count of possession with intent to distribute cocaine. *Id.* Judge Winmill imposed the firearm enhancement, but also imposed the safety valve relief. This was consistent with the recommendations in the Presentence Report.[7]

Caselaw from this district, the Ninth Circuit, and other Circuits all support the idea that a defendant can receive the safety-valve relief even though she also received the firearm enhancement. Accordingly, this Court intends to impose the firearm enhancement as a two-level increase in the offense level due to the husband's brandishing of a firearm

---

[5] *See United States. v. Johnson*, 46 F. App'x 533, 533 (9th Cir. 2002) ("The district court's statements at sentencing indicate that it erroneously believed that application of the firearm enhancement necessarily precluded eligibility for the safety valve."); *United States v. Medbery*, 835 F. App'x 927 (9th Cir. 2021)("The district court erred in concluding that Defendant was ineligible for 18 U.S.C. § 3553(f)'s 'safety valve' because he had received U.S.S.G. § 2D1.1(b)(1)'s firearm enhancement.").

[6] *See United States v. Figueroa-Encarnacion,* 343 F.3d 23, 34–35 (1st Cir. 2003); *United States v. Wilson,* 114 F.3d 429, 432 (4th Cir. 1997); *United States v. Wilson,* 105 F.3d 219, 221–22 (5th Cir. 1997); *United States v. Martinez,* 82 F.4th 994, 1003–06 (10th Cir. 2023); *United States v. Clavijo,* 165 F.3d 1341, 1343-44 (11th Cir. 1999); and *In re Sealed Case (Sent'g Guidelines' Safety Valve)*, 105 F.3d 1460, 1462-65 (D.C. Cir. 1997).

[7] Although this case was appealed, the appeal focused only on the constitutionality of the firearm enhancement under *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen,* 597 U.S. 1 (2022).

MEMORANDUM DECISION AND ORDER - 8

in front of Gausnell and the buyer. This Court also intends to impose safety-valve relief as a two-level downward adjustment to the offense level due to Gausnell not possessing the firearm that was present when the drugs were sold.

## IV.   ORDER

1. The two-level enhancement for the firearm will be applied to determine the Guideline Sentencing Range. Gausnell's objection on this issue is OVERRULED.

2. The two-level reduction for the Guideline Safety-Valve will be applied to determine the Guideline Sentencing Range. Gausnell's objection on this issue is SUSTAINED.

DATED: May 9, 2024

David C. Nye
Chief U.S. District Court Judge